**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**United States of America**

    v.

**Joseph A. Foistner**

Case No. 18-cr-98-PB-1
Opinion No. 2022 DNH 091

## ORDER

Joseph Foistner has been convicted and sentenced. The only remaining issue is whether he should be required to make restitution. The probation office asserts that Foistner's victims should be awarded restitution for unreimbursed losses of $2,449,352.57. In making this determination, the office has credited Foistner with $967,885.13 that one of his victims, North American Savings Bank (NASB), recovered from a foreclosure sale of 104 Foxberry Drive, a property in New Boston, New Hampshire that Foistner posted as security for the NASB loan.

Foistner seeks a hearing to challenge the probation office's restitution recommendation. His sole argument is that any restitution award must be reduced by true value of 104 Foxberry rather than what he argues is the far lower amount that NASB recovered from the foreclosure sale. I decline to give Foistner a hearing on this issue because he has failed to identify sufficient facts to support his argument.

18 U.S.C. § 3664(e) specifies that the government must prove the amount of the loss suffered by a victim by a preponderance of the evidence when seeking restitution. A defendant must bear the burden of proof with respect to his financial resources and the needs of his dependents. Id. On all other issues, the statute provides that the burden of proof shall be allocated "by the court as justice requires." Id. In a case like this, where the defendant challenges the value of collateral supporting a fraudulent loan, I agree with the government that the defendant bears the burden of proof by a preponderance of the evidence. See, e.g., United States v. Ritchie, 858 F.3d 201, 211 (4th Cir. 2014) (defendant's burden to show that victim mishandled collateral).

The general rule in loan fraud cases is that the restitution a defendant owes a victim is reduced "by the amount of money the victim received in selling the collateral, not the value of the collateral when the victim received it." Robers v. United States, 572 U.S. 639, 641 (2014). Defendants thus do not ordinarily receive additional credit when market fluctuations or other intervening foreseeable events depress the amount that the victim receives from a foreclosure sale. See id. Foistner acknowledges the general rule but claims that his case falls within a narrow exception that arguably applies when an unforeseeable intervening event such as "an unexpected natural disaster that destroys collateral . . . or its sale to a friend for a nominal sum"

breaks the causal link between the defendant's misconduct and the victim's losses. Id. at 646 (dictum). As Foistner sees it, his fraud did not proximately cause his victims' losses because 104 Foxberry was worth more than enough to repay all his victims. Instead, he blames the trustee in his bankruptcy case for abandoning the estate's interest in the property and NASB for botching the foreclosure sale.

Foistner is not entitled to an evidentiary hearing on restitution. Although he claims that the trustee in his bankruptcy case and NASB are somehow at fault for failing to recover enough through the foreclosure sale to repay his victims, he has failed to identify any facts to support his argument. A defendant must do more than offer unsupported speculation when seeking an offset against an otherwise legitimate claim for restitution. See United States v. Padilla-Galarza, 990 F. 3d 60, 93 (1st Cir. 2021) ("Where . . . the government has made a prima facie showing of a victim's actual loss through competent evidence, a defendant must do more than speculate about the possibility of mitigation in order to obtain an offset.").

Foistner's request for an evidentiary hearing is denied. Foistner shall be required to make restitution to the victims identified in the Presentence

Report in the amounts specified therein.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

August 3, 2022

cc:    Counsel of Record
       Joseph A. Foistner, pro se